**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4348**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

KENNETH FAISON, a/k/a Roscoe,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:16-cr-00363-JKB-6)

Submitted: March 19, 2019            Decided: March 29, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Charles N. Curlett, Jr., LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Peter Jeffrey Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Faison appeals his conviction and 180-month sentence imposed following his guilty plea to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2012). On appeal, Faison's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Faison's guilty plea and the reasonableness of Faison's sentence. Although notified of his right to do so, Faison has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver contained in Faison's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally, if a court questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.*

Our review of the Rule 11 colloquy and the plea agreement confirms that Faison knowingly and voluntarily waived his right to appeal whatever sentence the district court imposed. In addition, we reject Faison's suggestion that the Government breached the plea agreement, thereby rendering the appeal waiver unenforceable. *See United States v. Lewis*, 633 F.3d 262, 271 n.8 (4th Cir. 2011). We therefore conclude that the valid appeal waiver bars any challenge to Faison's sentence, which is within the statutory maximum. Accordingly, we grant the Government's motion in part and dismiss the appeal as to Faison's sentencing claim.

Because a defendant cannot waive a colorable claim that his plea was not knowing and voluntary, *see, e.g.*, *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), we consider the validity of Faison's guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Faison did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Lockhart*, __ F.3d __, __, No. 16-4441, 2019 WL 942928, at *2 (4th Cir. Feb. 27, 2019). Based on our review of the Rule 11 hearing, we conclude that the plea

was knowing, voluntary, and supported by an independent basis in fact and that the district court therefore committed no error in accepting Faison's valid guilty plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Faison's valid appeal waiver. Accordingly, we dismiss the appeal in part and affirm in part. This court requires that counsel inform Faison, in writing, of the right to petition the Supreme Court of the United States for further review. If Faison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Faison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*